**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

DAVID C. SHARP,              *

                       *

        Plaintiff,      *

                       *

      v.             *       Civil Action No. AW-07-2271

                       *

COSTCO WHOLESALE    *

CORPORATION         *

                       *

        Defendant.    *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>MEMORANDUM OPINION</u>

Plaintiff David C. Sharp ("Plaintiff") brings this action against Defendant Costco Wholesale Corporation ("Costco" or "Defendant") for declaratory and injunctive relief, pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et. seq.* (the "ADA"). Currently pending before this Court is Defendant's Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint (Paper No. 5). Plaintiff contests this motion. For the reasons briefly stated below, the Court will GRANT Defendant's Motion for Extension of Time. The Court, however, will only provide Defendant with a twenty-one (21) day extension, instead of the requested thirty (30) days.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant was served with the Complaint on September 21, 2007, requiring Defendant to answer, or otherwise respond, by October 11, 2007. Defendant filed this motion for an extension of time to respond to Plaintiff's complaint on October 8, 2007, claiming a need for additional time to investigate the facts alleged in Plaintiff's complaint. On October 9, 2007, Plaintiff responded to

Defendant's motion, stating his opposition on the grounds that Defendant has or should now have adequate knowledge as to the factual allegations set forth in Plaintiff's complaint.

Approximately two and a half months prior to commencing this action, Plaintiff wrote to Defendant on July 27, 2007, advising Defendant that the designated accessible parking spaces at the store lacked adjacent transfer aisles, which will enable Plaintiff to transfer to a wheelchair. The complaint in the July letter is the subject of Plaintiff's Complaint currently before the Court. Defendant responded to Plaintiff's letter on August 15, 2007, indicating that it had begun to investigate the matter. Defendant also noted that the investigation was an ongoing process. Defendant now seeks additional time to continue its investigation of the matter and, therefore, asks this Court for an extension of time to respond to Plaintiff's complaint.

## ANALYSIS

Federal Rule of Civil Procedure 6(b) permits a court, for good cause shown, to extend the period in which a defendant must respond when that request is made before the expiration of the originally prescribed period. Fed. R. Civ. P. 6(b)(1); *see also Caudell v. Rose*, 378 F. Supp. 2d 725, 728-29 (W.D. Va 2005) (granting a thirty day extension to respond to Complaint).

In this case, Defendant Costco's request came before the original twenty day period to respond to the Complaint had expired. Defendant's stated reason – to permit them a thirty-day delay to investigate the facts alleged in Plaintiff's complaint – constitutes adequate cause to justify the granting of an extension. The Court must note, however, that Plaintiff's objection is with merit, and in light of the arguments advanced in Plaintiff's response, the Court will not provide Defendant with the entire thirty-day extension. It appears that Defendant became aware of this matter approximately two and a half months ago and, thus, has had time to investigate the factual allegations alleged by

Plaintiff.  Although Plaintiff's argument is strongly considered, the Court recognizes the need for

Defendant to conduct further investigation of the matter, which will enable Defendant to properly

respond to Plaintiff's complaint.  Therefore, having considered Defendant's motion and Plaintiff's

response, the Court will grant Defendant a twenty-one day extension, until November 1, 2007,  to

answer or otherwise respond to Plaintiff's Complaint.

## CONCLUSION

For the reasons stated above, the Court will GRANT Defendant's Motion for Extension

of Time (Paper No. 5).  An Order consistent with this opinion will follow.


___October 11, 2007_____                      _____/s/_____
            Date                                          Alexander Williams, Jr.
                                                          United States District Judge